## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **FRANK J. HORA**<br>15725 Eaton Pike<br>West Alexandria, Ohio 45381<br><br>**MARY D. HORA**<br>15725 Eaton Pike<br>West Alexandria, Ohio 45381<br><br>**TUKENS LLC**<br>15725 Eaton Pike<br>West Alexandria, Ohio 45381<br><br>    **Plaintiffs,**<br><br>v.<br><br>**PERRY TOWNSHIP**<br>3025 Johnsville Brookville Road<br>Brookville, Ohio 45309<br><br>**JASON HARTSHORN, MELISSA MEARA AND ZACH MUSIC,** in their official capacity as Trustees of Perry Township<br>**3025 Johnsville Brookville Road**<br>**Brookville, Ohio 45309**<br><br>**AES OHIO**<br>c/o The Dayton Power and Light Company<br>1065 Woodman Drive<br>Dayton, Ohio 45432<br><br>    **Defendants.** | **Case No.**<br><br><br><br>**Judge**<br><br><br><br><br><br><br><br>**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREON** |

## PRELIMINARY STATEMENT

1. Plaintiff Frank Hora and Mary Hora, husband and wife, further known as "plaintiffs", operate Tukens, LLC located at 15401 Eaton Pike, West Alexandria, Ohio 45381, further known as "property". On November 12, 2020 Plaintiffs became aware of a permanent utility pole having been placed negligently on the property towards the North end at Sheep Road.

2. The Plaintiff seeks declaratory, injunctive, and monetary relief as a result of the conduct of the Defendants, which deprived Plaintiffs of rights secured by the United States Constitution Fifth and Fourteenth Amendment, since they were in fact deprived of their private property for public use without just compensation.

## JURISDICTION AND VENUE

3. Plaintiffs restate the above allegations as if fully restated herein.

4. This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violation of the Fifth and Fourteenth Amendments of the United States Constitution.

5. This Court has jurisdiction pursuant to 28 U.S.C.§ §1331, which authorizes federal courts to decide cases concerning federal question jurisdiction; 28 U.S.C.§ §1343, which authorizes federal courts to hear civil rights cases, 28 U.S.C.§ §2201, which authorizes declaratory judgments via the Declaratory Judgment Act; 28 U.S.C. §1367, which authorizes supplemental state law claims, and Title 18, Section§ 1961, and 42 U.S.C.§1983.Jurisdiction is also conferred upon the Court by 28 U.S.C. §1343 (a)(3) and (4) in that this is an action

arises under 42 U.S.C. §1983, which prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

6. Jurisdiction also arises under the Fifth and Fourteenth Amendments to the United States Constitution and as a result jurisdiction is proper pursuant to 28 U.S.C §1331.

7. Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

8. Plaintiffs restate the above allegations as if fully restated herein.

9. Plaintiff, Frank Hora and Mary Hora, currently resides at 15401 Eaton Pike, West Alexandria, Ohio 45381.

10. Tukens LLC is the owner of the real property located at 15401 Eaton Pike, West Alexandria, Ohio 45381.

11. Defendants Jason Hartshorn, Melissa Meara and Zach Music are the Trustees of Perry Township, Ohio, a political subdivision.

12. Defendant Perry Township is an Ohio political subdivision located in Brookville, Ohio.

13. Defendant AES Ohio is a public utility and Dayton, Ohio area's electric utility company, it was formally known as Dayton Power & Light and has been delegated eminent domain authority by the State of Ohio.

## FACTS

14. Plaintiffs restate the above allegations as if fully restated herein.

15. On or about November 12, 2020, Plaintiffs first became aware that AES Ohio, in the construction of a utility supply line had placed a utility pole on their property.

16. Plaintiff, Frank Hora, contacted AES Ohio's design tech, William Ward and stated his objection to the placement of the utility pole and that it looked to be beyond the right of way as it did not line up with the other like poles on the same road.

17. Mr. Ward stated that he had met with the Perry Township trustees and they had approved the plan, the plan specifically referring to the new utility pole.

18. Friday, November 13, 2020, Mr. Ward emailed the Plaintiff, Mr. Hora, with records that stated the right of way on his land was 15 ft. from center line and stated he would be out today to verify the pole is within the right of way.

19. To the Plaintiffs' knowledge AES Ohio workers, specifically Mr. Ward, never arrived that day.

20. Plaintiff, Mr. Hora Mr. Ward arranged to meet the morning of Thursday, November 19, 2020 to discuss the placement of the utility pole. At that time, it was measured and determined that the utility pole was not in the right of way.

21. The meeting concluded with an agreement that the utility pole would be removed.

22. On the same day, later in the afternoon, Plaintiff, Mr. Hora, observed construction workers connecting the power lines to the utility pole that was supposed to be removed.

23. Mr. Hora asked the workers about this, they stated that Mr. Ward had instructed them to perform the project as originally planned.

24. On the same day, Mr. Hora e-mailed Mr. Ward, with no response; about the reversal of what was discussed to remove pole before it was wired.

25. Mr. Hora proceeded to drive to Perry Township located on Amity Road, only to find they had just closed; at 3:00 pm.

26. Mr. Hora then drove back to Sheep Road from the North as at the pole's location across from 110 property, Elliot had their equipment dangerously across the road, so Mr. Hora stopped and got out of his vehicle to talk to the driver behind him, which was the resident at 110 Sheep Road, later identified as Mr. Patrick Keith Holt, hastily approached Mr. Hora with stating that, "AES Ohio said Frank told them to put the pole in his drive."

27. Mr. Hora quickly fled the threatening from Mr. Holt and immediately emailed AES Ohio's William Ward, he explained that whatever Mr. Ward must have said to the 110 Sheep Road neighbor had incited the threat to his life and placed him, his property, and his family in a state of believed eminent fear to be harmed.

28. Mr. Hora discussed the threat with his wife, Mary, at their home and proceeded to call the police and file a writ of trespass notice to be served on Holt, and file a complaint to charge the threatening under ORC 2903.22.

29. On or about November 25, 2020, Mr. Hora emailed a 3 page letter to Perry Township Trustees, Jason Hartshorn, Mindi Wyne, and Melissa Mears describing the objection to the AES Ohio utility pole and invited them to schedule and meet with him on the property's site at Sheep Road to discuss his concerns; that the pole was an, "error in design and cause an additional pole-hazard" to the public; and needs to be corrected by removal; and requested public records under ORC 149.43.

30. On December 11, 2020 Mr. Hora received an email as to the disposition of a location survey having been performed in the Sheep Road Project, as William Ward stated that

there "was not a location survey preformed" in the Sheep Road Project/AES Utility poles relocation agreement, subject of design engineers contracted by Defendants Perry Township Trustees, being Kramer Assoc. Inc, Eaton, Ohio 45320.

**FIRST CLAIM FOR RELIEF – TAKING WITHOUT JUST COMPENSATION**
**Fifth Amendment, United States Constitution; 42 U.S. Code § 1983**

31. Plaintiff restates the above allegations as if fully restated herein.

32. The Fifth Amendment to the United States Constitution provides in pertinent part that "…. nor shall private property be taken for public use, without just compensation" U.S. Const., Amend. V said constitutional prohibition is known jurisprudentially as the "Takings Clause" of the United States Constitution.

33. Defendant Perry Township and the Defendants who are or were officials of Perry Township, in causing a utility pole to be placed on Plaintiffs property, have taken said property and continue to enjoy the use of said property without the payment of just compensation.

34. This claim is being made pursuant to 42 U.S.C.§1983 which provides:

> Every person who, under color of any statute, ordinance, regulation custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable.

35. Plaintiffs continue to suffer great and material damages pursuant to 42U.S.C.§ 1983.

36. Plaintiffs are entitled to an award of damages as result of Defendants' violation of their rights under the United States Constitution, Amendment V.

## SECOND CLAIM FOR RELIEF – VIOLATION OF DUE PROCESS
### Fourteenth Amendment, United States Constitution; 42 U.S. Code § 1983

37. Plaintiff restates the above allegations as if fully restated herein.

38. The Fourteenth Amendment to the United States Constitution provides in pertinent part that "….nor shall any state deprive any person of life, liberty, or property, without due process of law" U.S. Const., Amend. XIV said constitutional prohibition is known jurisprudentially as the " Due Process Clause" of the United States Constitution.

39. Defendant Perry Township and the Defendants who are or were officials of Perry Township, in causing a utility pole to be placed on Plaintiffs property, have failed to provide Plaintiffs any notice or opportunity for a hearing and have thus denied them use of their property without due process of law.

40. This claim is being made pursuant to 42 U.S.C.§1983 which provides:

> Every person who, under color of any statute, ordinance, regulation custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable.

41. Plaintiffs continue to suffer great and material damages pursuant to 42U.S.C.§ 1983.

42. Plaintiffs are entitled to an award of damages as result of Defendants' violation of their rights under the United States Constitution, Amendment XIV.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court issue the following relief:

A. Declare that the Defendants have taken Plaintiffs property without due process of law and without just compensation, as described above is unlawful; and

B. Declare Defendants' acts and omissions as described above to be in violation of the Fifth Amendment of the U.S. Constitution and Fourteenth Amendment to the U.S. Constitution; and

C. Order that Defendants' compensate Plaintiffs for use of their property retroactive to November 12, 2020; and

D. Award Plaintiffs compensatory damages; and

E. Award Plaintiffs punitive damages; and

F. Award Plaintiffs costs and attorney's fees as available under law; and

G. Grant such other further relief as is just.

Dated: November 14, 2022

/s/ Andrew J. Zeigler
Andrew J. Zeigler (#0081417)
KENNEL ZEIGLER LLC
1340 Woodman Drive
Dayton, Ohio 45432
Phone: (937) 252-2030
Fax: (937) 252-9425
ajz@kzlawohio.com
*Attorney for Plaintiffs*