UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FRANK J. HORA, *et al.*,

    Plaintiffs,

vs.

PERRY TOWNSHIP, *et al.*,

    Defendants.

Case No. 3:22-cv-326

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

___

**ORDER DENYING DEFENDANT MOTION TO DISMISS (Doc. No. 10)**
___

This is a civil case in which Plaintiffs Frank and Mary Hora and Tukens LLC assert, through counsel, that Defendants deprived them of their private property without just compensation, in violation of the Fifth and Fourteenth Amendments of the Constitution. *See* Doc. No. 1. Defendant AES Ohio answered the complaint. Doc. No. 9. Defendants Perry Township, Jason Hartshorn, Melissa Meara, and Zach Music (collectively, "Defendants") moved to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 10. In response to the motion, Plaintiffs filed a memorandum in opposition (Doc. No. 15), and Defendants replied (Doc. No. 16). Thus, the motion is ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set

forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of this litigation. *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021); *cf. Holbrook v. Louisiana-Pacific Corp.*, 533 F. App'x 493, 496 (6th Cir. 2013). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *Cf. Humphreys v. Bank*

*of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

### III.

Accordingly, Defendants' motion to dismiss for failure to state a claim is **DENIED**. The Court anticipates reviewing both parties' arguments on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

August 21, 2023                             s/Michael J. Newman
                                            Hon. Michael J. Newman
                                            United States District Judge