UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FRANK J. HORA, *et al.*,

Plaintiffs,

Case No. 3:22-cv-326

vs.

PERRY TOWNSHIP, OHIO, *et al.*,

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

Defendants.

---

**ORDER: (1) OVERRULING PLAINTIFF'S *PRO SE* OBJECTIONS (Doc. Nos. 68, 70, 71, 72); (2) ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. No. 69); AND (3) CONDITIONALLY DISMISSING THIS CASE**

---

This civil case is before the Court on the Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc. No. 69), reporting, in part, that the parties have settled their dispute(s) and that an enforceable settlement agreement exists between them. The R&R was issued pursuant to this Court's January 16, 2026 Order which referred the case to Magistrate Judge Gentry to hold a mediation conference, make determinations on several settlement issues and issue an R&R, if appropriate. Doc. No. 61. As set forth in the R&R (Doc. No. 69), Judge Gentry made the following determinations: (1) the parties settled this matter during a December 12, 2024 mediation conference; (2) an enforceable settlement agreement exists between the parties[1]; (3) it might be appropriate to impose sanctions on Plaintiffs for their refusal to sign a written settlement agreement and/or their attempt after the December 2024 mediation conference to renegotiate the terms of the parties' oral settlement agreement; and (4) Plaintiff Tukens LLC was represented by counsel at the time the case

[1] The material terms of the parties' agreement are set forth in the R&R. Doc. No. 69 at PageID 591–92.

settled in December 2024 and its subsequent lack of counsel[2] does not impact the validity of the parties' settlement agreement.

Plaintiff Frank Hora ("Hora") filed four *pro se* documents[3] related to the R&R: (1) an objection[4] (Doc. No. 68) to the Magistrate Judge's supplemental mediation order (Doc. No. 66); (2) an objection (Doc. No. 70) to the Magistrate Judge's R&R; (3) an additional objection (Doc. No. 71) to the Magistrate Judge's supplemental mediation order (Doc. No. 66); and (4) a supplemental objection to the R&R (Doc. No. 72). Defendant The Dayton Power and Light Company d/b/a AES Ohio ("AES Ohio") filed a consolidated response to Hora's *pro se* documents. Doc. No. 74. Plaintiffs, who are no longer *pro se* and instead represented by counsel, filed a reply, through counsel, to AES Ohio's response. Doc. No. 75.

The Court has reviewed *de novo*, as required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), Plaintiff's objections and all filings in this matter. Liberally construing Hora's *pro se* filings in his favor and accepting his factual allegations as true, the Court finds no merit to Hora's objections. Judge Gentry's R&R is not "clearly erroneous or . . . contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

Accordingly, Plaintiff's objections are **OVERRULED**, and the R&R is **ADOPTED**. Further, the Court does not find an evidentiary hearing on the issue of sanctions against Plaintiffs is warranted at this time[5]. This action is hereby **DISMISSED**, provided that either party may, upon good cause

[2] Tukens LLC was not represented by counsel at the time the Court issued its January 16, 2026 Order (Doc. No. 61). As of the date of this Order, Tukens LLC is represented by counsel. *See* Doc. No. 73.
[3] As with all *pro se* litigants, Plaintiff's documents are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). As such, the Court construes Hora's *pro se* filings as objections to the R&R.
[4] One day before the issuance of the R&R, Hora filed an objection (Doc. No. 68) to the Magistrate Judge's supplemental mediation order (Doc. No. 66). The supplemental mediation order provided that only Plaintiffs Frank Hora and Mary Hora and Defendant AES Ohio's representatives and counsel were required to attend the mediation. Doc. No. 66. While Hora's objection was filed one day before the R&R was issued, the Court liberally construes it as an objection to the R&R.
[5] Further, AES Ohio does not wish to proceed with such an evidentiary hearing. Doc. No. 74 at PageID 662.

shown within thirty (30) days, reopen the action if settlement is not consummated. The Court will retain jurisdiction during that thirty-day period for that limited purpose. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (a court can retain jurisdiction over enforcement of a settlement agreement by stating so in the dismissal entry).

**IT IS SO ORDERED.**

August 21, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge